# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. WILSON, | CV F   06 217 AWI SMS P |
| Plaintiff, | |
| v. | ORDER MOTION DENYING DEFAULT JUDGMENT (Doc. 19.) |
| STANISLAUS COUNTY BOARD OF SUPERVISORS, | |
| Defendants. | |

    John M. Wilson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action was originally filed in the Sacramento Division of the U.S. District Court for the Eastern District of California.  The case was subsequently transferred to this Court pursuant to an Order granting a Motion for Change of Venue filed on January 18, 2006.

    On April 28, 2006, Plaintiff filed a Motion for Default Judgment wherein Plaintiff requests that default be granted because Defendants had not yet filed an Answer.

    Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Plaintiff is reminded that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ. Pro. 55(c).

1  Here, the Court issued an Order directing the U.S. Marshal to serve the Complaint on
2  Defendants on November 15, 2005.  On January 18, 2006, Defendants filed a Motion for Change
3  of Venue.  As noted above, the case was transferred to the Fresno Division pursuant to a Court
4  Order granting the Motion.  On April 28, 2006, the same day Plaintiff moved for default, an
5  Answer was filed.  Although Plaintiff contends that Defendants have failed to timely respond, he
6  is mistaken.

7  Rule 12(b) of the Federal Rules of Civil Procedure requires the filing of a Motion for
8  Change of Venue be asserted in a responsive pleading.  A motion making such a defense shall be
9  made "before pleading."  Within the Ninth Circuit, Rule 12(b) motions are timely if filed *any*
10 *time* before the Answer or other responsive pleading is filed.  Aetna Life Ins. Co. v. Alla Medical
11 Services, Inc., 855 F.2d 1470, 1474 (9th Cir. 1988).  Further, because a Motion for Change of
12 Venue is, by its nature, a responsive pleading, default on the basis that Defendant has failed to
13 plead or otherwise defend is unwarranted.

14  Accordingly, Plaintiff's Motion for Entry of Default is DENIED.
15 IT IS SO ORDERED.
16 **Dated:    May 22, 2006**             /s/ Sandra M. Snyder
   icido3                                 UNITED STATES MAGISTRATE JUDGE