1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13

| | |
|---|---|
| JOHN M. WILSON, | CV F   06217 AWI SMS P |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY DEFENDANT WIEDMAN SHOULD NOT BE DISMISSED FROM THE ACTION |
| STANISLAUS COUNTY BOARD OF SUPERVISORS, et. al., | |
| Defendants. | |

14
15
16
17
18
19
20

John M. Wilson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on October 14, 2005, in the Sacramento Division of the

U.S. District Court for the Eastern District of California.  The Court found that service was

appropriate and directed the Clerk of Court to send Plaintiff the appropriate forms to complete

for service.  Plaintiff submitted the forms and on November 15, 2006, the Court directed the U.S.

Marshal to effect service.  On January 20, 2006, the U.S. Marshal returned the summons to the

Court as executed as to Defendant Stanislaus County Board of Supervisors.  However, the

21
22
23
24
25
26
27
28

1

1 │ summons was returned unexecuted as to Defendant Wiedman.

2 │                   Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure:

3 │ [i]f service of the summons and complaint is not made upon a defendant within
     120 days after the filing of the complaint, the court, upon motion or on its own

4 │      initiative after notice to the plaintiff, shall dismiss the action without prejudice as
     to that defendant or direct that service be effected within a specified time;

5 │      provided that if the plaintiff shows good cause for the failure, the court shall
     extend the time for service for an appropriate period.

6 │ 

7 │ Fed. R. Civ. Pro. 4(m).  In cases involving a plaintiff proceeding in forma pauperis, a United

8 │ States Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ.

9 │ Pro. 4(c)(2).

10 │      As noted above, the U.S. Marshal returned the summons to be served on Defendant

11 │ Wiedman to the Court unexecuted indicating that he no longer worked for the County and the

12 │ County could not accept service on his behalf.  The responsibility to provide accurate

13 │ information belongs to Plaintiff.  The U.S. Marshal is required to serve on Plaintiff's behalf using

14 │ only the information provided by Plaintiff.  They are not required to do an independent

15 │ investigation to find more current or accurate information than that provided by Plaintiff.

16 │      "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the

17 │ U.S. Marshal for service of the summons and complaint and ... should not be penalized by having

18 │ his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has

19 │ failed to perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting

20 │ Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v.

21 │ Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary

22 │ to identify the defendant, the marshal's failure to effect service is 'automatically good cause . .

23 │ ..'"  Walker, 14 F.3d at 1422 (*quoting* Sellers v. United States, 902 F.2d 598, 603 (7th

24 │ Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and

25 │ sufficient information to effect service of the summons and complaint, the court's sua sponte

26 │ dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

27 │      As noted above, the information provided by Plaintiff was insufficient to allow the U.S.

28 │ Marshal to serve Defendant Wiedman.  Accordingly, the Court will provided Plaintiff the

1   opportunity to Show Cause why Defendant Wiedman should not be dismissed from the action.

2           The Court HEREBY ORDERS:

3           1.          Plaintiff is ORDERED TO SHOW CAUSE **within TWENTY  (20) days of the**

4                       **date of service of this Order,** why Defendant Wiedman should not be dismissed

5                       from the action for lack of service.[1]

6           Plaintiff is forewarned that his failure to show cause may result in a recommendation that

7   Defendant Wiedman be dismissed from the action.

8

9   IT IS SO ORDERED.

10  **Dated:    December 6, 2006**                              /s/ Sandra M. Snyder
    icido3                                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      [1]Should Plaintiff have more current information on the whereabouts of the unserved Defendant, he should
        provide it to the Court at this time.

3