# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. WILSON, | CV F   06-217 AWI SMS P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| v. | ORDER DISREGARDING MOTIONS FOR JOINDER AND MISJOINDER (Docs. 36. 37.) |
| STANISLAUS COUNTY BOARD OF SUPERVISORS, et. al., | ORDER VACATING SCHEDULING ORDER ISSUED MAY 11, 2006. (Doc. 20.) |
| Defendants. | |

John M. Wilson ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on October 14, 2005, in the Sacramento Division of the U.S. District Court for the Eastern District of California.  The Sacramento Division ordered service of the Complaint on Defendants Stanislaus County Board of Supervisors and Sheriff Les Weidman on November 15, 2005. Defendants moved for a change of venue on January18, 2006, and the Motion was granted.  This Court received the case on February 27, 2006, after the summons was returned executed by the Board of Supervisors and unexecuted by Sheriff Les Weidman.

On November 3, 2006, Plaintiff field a Motion for Temporary Injunction.[1]  Defendants filed an Opposition to that Motion on January 5, 2007.  On January 8, 2007, Plaintiff filed a pleading titled "Motion for Permissive Joinder" in which he requests that the Court allow him to

---

[1] The Court, by separate Order, has issued Findings and Recommendations regarding the pending Motion for Temporary Injunction.

1

substitute in the current Sheriff Adam Christenson because Defendant Weidman was now retired. In a separate pleading titled "Motion for Misjoinder," Plaintiff requests that the Court dismiss Sheriff Weidman from the action. On January 10, 2007, Defendants filed a Statement of Non-Opposition what is termed a Motion to Dismiss Defendant Weidman from the action.

**A. SCREENING**

Generally, when a case of this nature is first filed with the Court, the Court conducts an initial review of the Complaint to determine whether it alleges cognizable claims for relief. 28 U.S.C. § 1915(e)(2). It does not appear that such a review of this case was conducted prior to service of the Complaint. As Plaintiff has now moved the Court to dismiss one Defendant and include another in his place, the Court finds it necessary to *sua sponte* conduct a screening of the case to determine whether it states cognizable claims for relief.

The Court must dismiss a complaint or portion thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327. If the court determines that the Complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

**B. SUMMARY OF THE COMPLAINT**

Plaintiff states that he is a civilly committed detainee in custody pursuant to Welfare and Institutions Code § 660, the Sexually Violent Predator Act ("SVPA").[2] Plaintiff states generally that the Defendants have failed to comply with California's Welfare and Institutions Code and the Constitution of the United States to his detriment while confined in the Stanislaus County

---

[2] "'Sexually violent predator' means a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst.Code §6600(a)(1)

Jail. After providing numerous pages of legal analysis, Plaintiff provides 1.5 pages of facts which state that he was exposed to feces, spit, blood and hair in the shower area of the jail and that food was left uncovered and exposed, that food was served by inmates, that he was threatened by inmates belonging to gangs, his phone calls were not confidential, that his mattress was too thin and he could not sleep, his personal visits were restricted, he was denied church services, he has experienced strip searches, was not allowed to send or receive uninspected mail, was charged for medical care, and was transported along with penal inmates.

In an entirely separate section, Plaintiff lists the ten (10) separate federal constitutional claims for relief. Each claim will be addressed individually below.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Here, although Plaintiff names the Stanislaus County Board of Supervisors and Sheriff Les Weidman as Defendants and also provides a brief list of wrong-doings, Plaintiff fails to link either Defendant to any act or omission of which he complains violated his rights. Plaintiff's

3

only mention of the Defendants is on page 3 where he informs the Court who the Defendants are and what their responsibilities are at the Stanislaus County Jail.

In addition, Plaintiff fails to link any of the alleged wrong-doings to any constitutional violation and thus, as discussed below, the Complaint fails to allege any cognizable claim for relief.

### 2. First Amendment

Plaintiff states that the Defendants policies, practices, and customs punished plaintiff by not affording him freedom of the press and thereby denying him access to the outside world. Other than this conclusory statement, however, the Complaint fails to allege facts establishing a causal link between any policy or custom and the alleged constitutional deprivation. In fact, Plaintiff's facts are so minimal that the Court cannot determine the exact nature of the first amendment violation. Accordingly, the claim is dismissed.

### 3. Fourth Amendment

Here, Plaintiff again provides a conclusory statement that Defendants policies and practices have subjected him to unreasonable searches as a form of punishment. However, again, Plaintiff fails to identify the policy or provide facts to support his allegation. As such, this claim is also dismissed with leave to amend.

### 4. Ex Post Facto Clause and Double Jeopardy

In his Third and Fourth claims for relief, Plaintiff alleges that the Defendants policies and procedures have violated his rights under the Ex Post Facto Clause and the right to be free from Double Jeopardy. (Compl.at 19-20)

The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" Kansas v. Hendricks, 521 U.S. 346, 369 (1997) (*quoting* Witte v. United States, 515 U.S. 389, 396 (1995)).

The Ex Post Facto Clause "forbids the application of any new punitive measure to a crime already consummated," and "pertain[s] exclusively to penal statutes." Id. at 370 (*internal quotation marks and citations omitted*). Because Plaintiff's confinement under the SVPA is civil

4

in nature, these allegations are legally frivolous as a matter of law. Accordingly, Plaintiff may not proceed in this action with these claims and they are dismissed.

### 5. Eighth Amendment

Plaintiff next alleges that the Defendants policies and procedures have subjected Plaintiff to "restrictive and degrading conditions of confinement" which amount to "cruel and unusual punishment." (Compl. at 20.) The Eighth Amendment, however, is not the proper vehicle to challenge the conditions of civil commitment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861 (1979). Conditions of confinement claims raised by detainees who are not adjudicated criminals are analyzed under the Fourteenth Amendment substantive Due Process Clause, rather than the Eighth Amendment. Id.; Frost v. Agnos, 152 F.2d 1124, 1128 (9th Cir. 1998.). Accordingly, Plaintiff's allegation under the Eighth Amendment must also be dismissed.

### 6. Procedural Due Process

Plaintiff alleges that the Defendants policies and practices have denied him of procedural due process.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process nor does he identify the policy or custom that allegedly violated this right. This claim is also dismissed.

### 7. Substantive Due Process.

Plaintiff here alleges that the Defendants policies and practices have deprived him of substantive due process. Plaintiff states that the conditions of confinement at Stanislaus County Jail are the same or worse than those under which penal prisoners or detainees are held.

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive

1  due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d

2  868, 874 (9th Cir. 1996) (*citations, internal quotations, and brackets omitted*), *cert. denied*, 117

3  S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

4        Although Plaintiff complains generally that his conditions were "degrading," he provides

5  no specific facts to support his allegations nor does he establish a causal link between a policy

6  and the alleged deprivation. Accordingly, the Complaint fails to state a claim for relief and this

7  allegation is dismissed with leave to amend.

      *8. Equal Protection*

9        Plaintiff alleges that the policies of Defendants are more restrictive, punitive and

10  degrading and deny him equal protection of the law.

11        Equal protection claims arise when a charge is made that similarly situated individuals are

12  treated differently without a rational relationship to a legitimate state purpose. See San Antonio

13  School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a

14  violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show

15  that defendants acted with intentional discrimination against plaintiff or against a class of

16  inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)

17  (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No.

18  14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

19  1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City

20  of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

21        Other than his conclusory allegation, Plaintiff alleges no facts to support his allegation of

22  a denial of equal protection. Accordingly, this claim is also dismissed with leave to amend.

      *9. Sixth Amendment*

24        Plaintiff states that the policies and practices of the Defendants violated his right under

25  the Sixth Amendment by interfering with his communications with legal counsel, by requiring

26  him to use non-confidential telephones and that his mail was inspected.

27        The Sixth Amendment, by its express language, protects those in criminal proceedings.

28  Wolff v. McDonnell, 418 U.S. 539, 556 (1974). As Plaintiff is not subject to a criminal

proceeding in this action, he may not proceed on the Sixth Amendment claim alleged.

### 10. Right to Privacy

Plaintiff asserts that the Defendants policies and practices violate his right to privacy. Again, other than a conclusory statement, Plaintiff fails to identify specific policies or provide sufficient factual support for this allegation. This claim is also dismissed.

### 11. Sheriff Les Weidman

Plaintiff names as Defendant, Sheriff Les Weidman and alleges in the Complaint that he was the individual responsible for plaintiff's "existence" while housed in the jail. Plaintiff does not, however, indicate the capacity in which he is suing Defendant Weidman and the fact that Plaintiff is seeking monetary damages against him but also has moved to substitute the current Sheriff makes the capacity issue more unclear.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts to support an allegation against Defendant Weidman *personally* participated in any of the conduct or deprivations that Plaintiff alleges violated his constitutional rights. Absent such allegations, Plaintiff may not sue Defendant Weidman in his

personal capacity for damages. To the extent Plaintiff intends to sue Defendant Weidman in his personal capacity for damages, he may not move to substitute Defendant Christenson for Defendant Weidman.

Plaintiff may sue a local government official in his official capacity under Section 1983. Monell v. Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018 (1979) (addressing a constitutional challenge to a statute enacted by the city which indisputably was an official policy of the defendant municipality.) Local government officials sued in their official capacity are "persons" under 42 U.S.C. § 1983 in those cases where a local government is suable in its own name.[3] A judgment against a public servant in his "official capacity" under 42 U.S.C. § 1983 imposes liability on the entity that person represents, provide the public entity received notice and an opportunity to respond. Brandon v. Holt, 469 U.S. 464, 471-72, 105 S.Ct. 873 (1985.) Absent an allegation or identification of a policy, custom, or procedure so seriously deficient as to violate a constitutional right and a showing of direct liability through supervisory management, as discussed above, Sheriff Weidman (or his successor), may not be held liable in their official capacity.

In the Complaint, Plaintiff merely identifies Sheriff Weidman but alleges no facts as to the role he played in the alleged deprivation of his rights and further identifies no policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). As Plaintiff will be required to amend his Complaint to provide sufficient facts to support his constitutional claims for relief, he will be afforded the opportunity to allege the appropriate facts to allow the Court to know the capacity in which Plaintiff is suing Defendant Weidman. Until such amendment is made, the Court will disregard the pending Motions for Joinder and

---

[3] "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision official adopted and promulgated by the body's officers." Monell, 436 U.S. at 690, 98 S.Ct. 2018.

Misjoinder.[4]

### *12. Stanislaus County Board of Supervisors*

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Rather, to state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989).

In this case, Plaintiff merely alleges that the Defendants policies violated his rights. Plaintiff identifies no specific policies nor does he state with sufficient specificity the nature of the violations. Conclusory allegations and citation to constitutional amendments are insufficient to state cognizable claims for relief. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977).

## D. CONCLUSION

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

---

[4] Rule 20(a) of the Federal Rules of Civil Procedure, allows for joinder of defendants in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." Here, Plaintiff seeks to substitute one party for another on the basis that the first party retired and the second assumed his employment position. This substitution of parties is more appropriate under Rule 25(d) and not Rule 20.

be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

3. The Motions for Permissive Joinder and Misjoinder are DISREGARDED; and

4. The Scheduling Order issued on May 11, 2006, (Doc. 20) is VACATED.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   January 16, 2007**              /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE